```
___ FILED       ___ RECEIVED
___ ENTERED     ___ SERVED ON
                COUNSEL/PARTIES OF RECORD

        JAN 20 2011

      CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH FLORIO, | ) |
| Plaintiff, | ) |
| vs. | ) 3:10-cv-00524-RCJ-RAM |
| SIERRA PACIFIC MORTGAGE CO., INC. et al., | ) ORDER |
| Defendants. | ) |

This is a standard foreclosure case involving one property. The Complaint is a forty-five-page MERS-conspiracy-type complaint listing eleven causes of action, although the eleventh cause of action is erroneously numbered as the "fourteenth": (1) Injunctive Relief, (2) Declaratory Relief; (3) Debt Collection Violations Under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, as incorporated by Nevada Revised Statutes ("NRS") Section 649.370; (4) Violation of Unfair and Deceptive Trade Practice Act Under NRS Section 598.9023; (5) Unfair Lending Practices Under NRS Section 589D.100; (6) Violation of the Covenant of Good Faith and Fair Dealing; (7) Rescission of the Trustee's Deed Under NRS section 107.080 *et seq.*; (8) Quiet Title; (9)–(10) Fraud; and (11) Unjust Enrichment.

Three motions are pending before the Court: two motions to dismiss and one motion to remand. The case is not a part of MDL Case No. 2119; however, MERS has filed a Notice of

Tag-Along Actions with the Judicial Panel on Multidistrict Litigation ("JPML") that includes the present case. (*See* Notice, Sept. 10, 2010, ECF No. 16).

## I. THE PROPERTY

Joseph and Sandra Florio gave a $316,000 mortgage to Sierra Pacific Mortgage Co., Inc. to purchase their home at 4090 Royal Sage Dr., Reno, NV 89503 (the "Property"). (*See* First Deed of Trust ("FDOT") 1–3, Aug. 9, 2006, ECF No. 11, at 14). The trustee was Greenhead Investments, Inc. ("Greenhead"). (*See id.*). The Florios executed a second deed of trust for $79,000 on the same date, with the same lender and trustee. (*See* Second Deed of Trust ("SDOT"), Aug. 9, 2006, ECF No. 11, at 30). As of August 1, 2009, they had defaulted in an unspecified amount. (*See* Notice of Default ("NOD"), Nov. 3, 2009, ECF No. 11, at 40). Recontrust Co., N.A., as agent for First American Title, filed the NOD. (*See id.*). There is no indication of any substitution of trustee in the record. The Property was sold on June 1, 2010. (*See* Trustee's Deed, June 10, 2010, ECF No. 11, at 44). Recontrust had obtained a certificate from the state Foreclosure Mediation Program that no request for mediation was made or that mediation was waived. (*See* Certificate, Mar. 22, 2010, ECF No. 11, at 48). Plaintiff filed the Complaint on June 21, 2010. (*See* Compl. 1, June 21, 2010, ECF No. 1-1).

## II. ANALYSIS

The Court denies the motion to remand, as there is both federal-question and diversity jurisdiction. Section 649.370 creates no private cause of action,[1] so the claim that refers to FDCPA necessarily relies directly on the federal cause of action. Even if the Court found an implied state cause of action, it would necessarily require substantial interpretation of federal law, because a violation of the state statute is defined purely by reference to FDCPA. *See Mesi v.*

---

[1] Neither "damages," "cause of action," nor "attorney's fees" appear anywhere in Chapter 649. The Chapter provides only for criminal penalties or administrative fines. *See* Nev. Rev. Stat. §§ 649.435, 649.440.

1  *Wash. Mut. F.A.*, No. 3:09-CV-582 JCM (VPC), 2010 WL 3025209, at *2 (D. Nev. July 30,
2  2010) (Mahan, J.). *Contra Atkinson v. Homecomings Fin., LLC*, No. 3:10-cv-00418-LRH-VPC,
3  2010 WL 3271741, at *2 (D. Nev. Aug. 16, 2010) (Hicks, J.) ("[C]ontrary to Defendants'
4  position, the act defines a state claim that is separate from its federal counterpart. Although a
5  federal regulation is expressly noted in the Nevada statute, the reference to the federal act only
6  provides a framework for determining the type of claim that can be brought under the state
7  statute."). The Court respectfully believes that the *Mesi* case is better reasoned. Although an
8  appropriately drafted state statute could incorporate federal standards in such a way that a
9  violation of federal standards would be sufficient, but not necessary, to constitute a violation of
10 the state statute, in the present case the Nevada Legislature has made the reach of section
11 649.370 coextensive with FDCPA and its attendant regulations. *See* Nev. Rev. Stat. § 649.370
12 ("A violation of any provision of the federal Fair Debt Collection Practices Act, 15 U.S.C. §§
13 1682 *et seq.*, or any regulation adopted pursuant thereto, shall be deemed to be a violation of this
14 chapter."). The *Atkinson* court reasoned that because the Nevada Supreme Court had resolved
15 other sections of Chapter 649 without reference to federal law, a section 649.370 claim could be
16 resolved without the substantial interpretation of federal law. *See Atkinson*, 2010 WL 3271741,
17 at *2 (citing *State v. Hartford Accident & Indem. Co.*, 477 P.2d 592 (Nev. 1970)). But *Hartford*
18 did not involve the resolution of any section of Chapter 649 that made reference to federal law,
19 much less section 649.370, which was enacted thirty-seven years after *Hartford* was decided. *See*
20 2007 Nev. Stat. 2500; *Hartford*, 477 P.2d at 593 (interpreting former section 649.080, which did
21 not rely on any federal law). The fact that some sections of Chapter 649 can be applied without
22 interpreting federal law tells us nothing about whether any other particular section therein can
23 be. Plaintiff has not pled any violation of Chapter 649 except section 649.370, which is by its
24 text coextensive with FDCPA. Therefore, any claim under section 649.370 necessarily requires
25 the substantial interpretation of federal law, and there would be federal-question jurisdiction

even if a private cause of action lied under Chapter 649 such that Plaintiff did not need to rely on FDCPA directly.

Federal-question jurisdiction can be based purely on a state claim if its resolution necessarily requires the construction of federal law:

> The rule is well settled that a state claim "arises under" federal law "if the complaint, properly pleaded, presents a substantial dispute over the effect of federal law, and the result turns on the federal question." *Guinasso v. Pacific First Fed. Sav. & Loan Ass'n*, 656 F.2d 1364, 1365–66 (9th Cir. 1981), *cert. denied*, 455 U.S. 1020, 102 S. Ct. 1716, 72 L. Ed. 2d 138 (1982). The "vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action[,]" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 3232, 92 L. Ed. 2d 650 (1986), but a case may also arise under federal law "'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Id.* (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S. Ct. 2841, 2846, 77 L. Ed. 2d 420 (1983)).

*Berg v. Leason*, 32 F.3d 422, 423 (9th Cir. 1994). In cases such as the present one, where the state claim directly incorporates the substance of federal law, *see* Nev. Rev Stat. § 649.370, and where the state claim raises no federal constitutional issues, federal-question jurisdiction exists only if the federal law that is incorporated into the state claim provides an independent federal claim:

> In *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986), the Court considered in detail the principles of removal jurisdiction when applied to a well-pleaded complaint that relies on a state cause of action which incorporates federal law as one of the elements of recovery. The Court held that in such a case, the state claim does not involve a substantial federal question unless the federal law incorporated in the state cause of action provides a federal private right of action for its violation. *Id.* 106 S. Ct. at 3237; *see also Utley v. Varian Assoc., Inc.*, 811 F.2d 1279 (9th Cir.) (applying *Merrell Dow*), *cert. denied*, 484 U.S. 824, 108 S. Ct. 89, 98 L. Ed. 2d 50 (1987).

*Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1394 n.4 (9th Cir. 1988). The FDCPA provides a private right of action. *See* 15 U.S.C. § 1692k. If NRS section 649.370 contained additional substantive bases for liability apart from FDCPA, then such bases of liability could be invoked without creating federal-question jurisdiction. But section 649.370 refers exclusively and

1  coextensively to FDCPA for its substance and provides no basis for liability apart from that
2  provided for in FDCPA, under which a private, federal right of action lies. The Court therefore
3  finds that even if a private cause of action lied under section 649.370 (none does), such a claim
4  would support federal-question jurisdiction. *See Ethridge*, 861 F.2d at 1394 n.4.

5        Furthermore, there appears to be complete diversity. The only non-diverse Defendant is
6  Ticor Title of Nevada, which is fraudulently joined because it is not alleged to have had any
7  hand in the origination or servicing of the loan, but was only an escrow agent. It is not even
8  alleged to have had any hand in the foreclosure process. In other words, Ticor Title is no more
9  liable for any tort concerning the loan than is the postal carrier who delivered the signed copies
10 of the loan documents to Plaintiff's house.

11       Next, contrary to Plaintiff's arguments, "doe" and "roe" defendants are ignored for the
12 purposes of diversity. 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the
13 citizenship of defendants sued under fictitious names shall be disregarded."); *Cripps v. Life Ins.*
14 *Co. of Am.*, 980 F.2d 1261, 1266 (9th Cir. 1992) (citing *id.*); *Bryant v. Ford Motor Co. (Bryant*
15 *II)*, 886 F.2d 1526, 1528 (9th Cir. 1989) (citing *id.*) ("Congress obviously reached the conclusion
16 that doe defendants should not defeat diversity jurisdiction."), *cert. denied*, 493 U.S. 1076
17 (1990). The 1988 amendment to § 1441(a) that established the current rule overruled the Ninth
18 Circuit's 1987 ruling in *Bryant I. Cripps*, 980 F.2d at 1266 & n.5 (citing *Bryant v. Ford Motor*
19 *Co. (Bryant I)*, 832 F.2d 1080, 1082–83 (9th Cir. 1987) (en banc)). Counsel for Plaintiff fails to
20 point out this binding, adverse authority, as is his ethical duty to the Court, instead relying on a
21 1986 district court opinion for the contrary proposition.

22       Finally, the subject matter of the lawsuit is the $316,000 loan and the Property securing
23 it. The loan is in default and has been accelerated, and Plaintiff seeks to invalidate the
24 completed transfer of the Property and also to prevent any future foreclosure. If Plaintiff were to
25 win all his claims as pled, Defendants would lose more than $75,000 in missed payments and be

left with no security interest in the property. The amount-in-controversy requirement is satisfied.

As in most similar cases, the only plausible claim is for statutorily defective foreclosure under NRS section 107.080(2)(c). In the present case, the issue is relatively simple: Recontrust foreclosed, and there is no evidence it was ever substituted as trustee or otherwise had authority from the beneficiary to foreclose.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 4) is DENIED.

IT IS FURTHER ORDERED that the Motions to Dismiss (ECF Nos. 10, 22) are GRANTED in part and DENIED in part. All claims are dismissed except the claim for injunctive relief due to statutorily defective foreclosure.

IT IS FURTHER ORDERED that Defendants will not transfer or lease the Property or take any action to evict Plaintiff from the Property for one-hundred (100) days. During this period, Plaintiff will make full, regular monthly payments under the note every thirty (30) days, with the first payment due ten (10) days after the date of this order. The amount of each payment will be according to the monthly payment as of the date of the NOD. Failure to make monthly payments during the injunction period will result in a lifting of the injunction. Plaintiff need not pay late fees or cure the entire amount of past default at this time but may be required in equity to cure the entire past default as a condition of any future permanent injunction voiding the trustee's sale.

IT IS FURTHER ORDERED that during the injunction period the parties will engage in the state Foreclosure Mediation Program, if available. If not available, Defendants will conduct a private mediation with Plaintiff in good faith. The beneficiary must send a representative to the mediation with actual authority to modify the note, although actual modification is not required. Plaintiff will provide requested information to Defendants in advance of the mediation in good faith.

1  IT IS FURTHER ORDERED that Defendants remain free during the injunction period to
2  submit motions for summary judgment to show a proper chain of assignments of the note and/or
3  substitutions of trustee, in which case summary judgment on the remaining claim will be
4  appropriate.
5  IT IS SO ORDERED.

7  Dated this 19th day of January, 2011.

_____
ROBERT C. JONES
United States District Judge